**YUMING WU, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 13–72419.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2015.*

Decided Nov. 24, 2015.

Maria Christina Flores, Law Office of Maria Flores, San Gabriel, CA, for Petitioner.

Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, Sabatino F. Leo, Trial, OIL, U.S. Department of Justice, Washington, DC, for Respondent.

Before: TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Yuming Wu, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir.2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the contradictions in the record and evolving story regarding Wu's termination letter and fine receipt. *See id.* at 1048 (adverse credibility determination was reasonable under the "totality of circumstances"). Wu's explanations for those contradictions do not compel an opposite finding. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000).

Finally, Wu does not raise any argument challenging the BIA's finding that he waived his withholding of removal and CAT claims. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996) (issues not supported by argument are deemed abandoned). We lack jurisdiction to consider the contentions regarding withholding of removal and CAT that Wu makes for the first time in his opening brief. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir.2004).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.